UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PAMELA HONDROS,                                                     13 CV 0384 (PAE)

        Plaintiff,
                  **ANSWER TO COMPLAINT**

   -against-

METROPOLITAN LIFE INSURANCE     DOCUMENT
COMPANY,                 ELECTRONICALLY FILED

        Defendant.
-----------------------------------------------------------------X

   Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Sedgwick LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

## THE PARTIES

   FIRST.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the plaintiff's Complaint.

   SECOND.  Denies each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that MetLife is a corporation duly licensed to engage in the business of insurance in the State of New York with its principal place of business located at 1095 Avenue of the Americas, New York, New York 10036.

## JURISDICTION AND VENUE

   THIRD.  The allegations in paragraph "3" of the plaintiff's Complaint relate to questions of law to which no response is required. To the extent a response is required, MetLife admits that this Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and further admits that plaintiff's claims arise under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

FOURTH.    Admits the truth of each and every allegation contained in paragraph "4" of the plaintiff's Complaint.

FIFTH.    Admits the truth of each and every allegation contained in paragraph "5" of the plaintiff's Complaint.

## FACTS

SIXTH.    Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that for a portion of the time relevant to plaintiff's Complaint, plaintiff was employed by Pall Corporation ("Pall") as a Senior Sales Representative.

SEVENTH.    Denies each and every allegation contained in paragraph "7" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that MetLife issued to Pall a group policy of insurance, policy number 303251-1-G (the "Policy") to fund its long term disability ("LTD") benefits under the Pall Corporation Comprehensive Welfare Benefits Plan (the "Plan").

EIGHTH.    Denies each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

NINTH.    Denies each and every allegation contained in paragraph "9" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits plaintiff was eligible to and did enroll as a participant in the Plan.

TENTH.    Denies each and every allegation contained in paragraph "10" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and

respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

      ELEVENTH.      Denies each and every allegation contained in paragraph "11" of the plaintiff's Complaint.

      TWELFTH.      Denies each and every allegation contained in paragraph "12" of the plaintiff's Complaint.

      THIRTEENTH.      Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

      FOURTEENTH.      Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

      FIFTEENTH.      Denies each and every allegation contained in paragraph "15" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated November 17, 2011, MetLife advised plaintiff that her claim for Plan LTD benefits had been denied because her submissions did not support her claim of disability as defined by the Plan.

SIXTEENTH. Denies each and every allegation contained in paragraph "16" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated December 7, 2011 MetLife provided plaintiff with additional information surrounding its earlier claim determination dated November 17, 2011.

SEVENTEENTH. Denies each and every allegation contained in paragraph "17" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff submitted an administrative appeal of MetLife's initial adverse benefit determination on June 19, 2012.

EIGHTEENTH. Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that as part of its review of plaintiff's claim on administrative appeal, MetLife requested and obtained the opinions of two independent medical record peer review physician consultants who are board certified specialists in the areas of medicine relevant to plaintiff's claimed disabling conditions.

NINETEENTH. Denies each and every allegation contained in paragraph "19" of the plaintiff's Complaint.

TWENTIETH.  Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated November 21, 2012 MetLife informed plaintiff of its decision to uphold the original adverse benefit determination and provided a detailed explanation of the reasons supporting that determination.

TWENTY-FIRST.  Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff's claim for Social Security Disability Income ("SSDI") benefits was approved by the Social Security Administration ("SSA").

TWENTY-SECOND.  Denies each and every allegation contained in paragraph "22" of the plaintiff's Complaint.

TWENTY-THIRD.  Denies each and every allegation contained in paragraph "23" of the plaintiff's Complaint.

TWENTY-FOURTH.  Denies each and every allegation contained in paragraph "24" of the plaintiff's Complaint.

TWENTY-FIFTH.  Denies each and every allegation contained in paragraph "25" of the plaintiff's Complaint.

TWENTY-SIXTH.  Denies each and every allegation contained in paragraph "26" of the plaintiff's Complaint.

TWENTY-SEVENTH.	Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint.

TWENTY-EIGHTH.	Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint.

TWENTY-NINTH.	Denies each and every allegation contained in paragraph "29" of the plaintiff's Complaint.

THIRTIETH.	Denies each and every allegation contained in paragraph "30" of the plaintiff's Complaint.

THIRTY-FIRST.	Denies each and every allegation contained in paragraph "31" of the plaintiff's Complaint.

THIRTY-SECOND.	Denies each and every allegation contained in paragraph "32" of the plaintiff's Complaint.

THIRTY-THIRD.	Denies each and every allegation contained in paragraph "33" of the plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-FOURTH.	This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-FIFTH.	The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the plaintiff's Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-SIXTH.   Defendant acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan.  Accordingly, plaintiff is barred from recovery for her claims in this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH.   All actions about which plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH.   MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-NINTH.   Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FORTIETH.   Defendant MetLife, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claims.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTY-FIRST.   The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-SECOND.   Plaintiff's claim is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTY-THIRD.   To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date MetLife determined she was not entitled to receive benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH.   To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date MetLife determined she was not entitled to receive benefits, her monthly benefit under the Plan must be reduced by any "other income" benefits she was eligible to receive.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FORTY-FIFTH.   Any findings by the SSA with respect to plaintiff's claim for SSDI benefits are neither determinative nor binding with respect to MetLife's evaluation of the plaintiff's claim for LTD benefits under the applicable Plan documents.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH.   To the extent necessary, MetLife denies all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

**WHEREFORE**, defendant MetLife prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant, MetLife and against plaintiff;
2. That defendant, MetLife be awarded costs of suit incurred herein;
3. That defendant, MetLife be awarded reasonable attorney's fees; and
4. That defendant, MetLife be awarded such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 12, 2013

                              Respectfully submitted,

                              s/
                              _____
                              MICHAEL H. BERNSTEIN (MB-0579)
                              SEDGWICK LLP
                              225 Liberty Street, 28th Floor
                              New York, New York 10281-1008
                              T: 212.422.0202 | F: 212.422.0925
                              *Attorneys for Defendant*
                              *METROPOLITAN LIFE INSURANCE COMPANY*

TO:   Justin C. Frankel, Esq. (JF-5983)
      Jason A. Newfield (JN-5529)
      FRANKEL & NEWFIELD, P.C.
      585 Stewart Avenue - Suite 312
      Garden City, New York 11530
      T: 516.222.1600
      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (on behalf of Metropolitan Life Insurance Company) was served **ECF and Regular Mail** on March 12, 2013, upon the following:

> Justin C. Frankel, Esq. (JF-5983)
> Jason A. Newfield (JN-5529)
> FRANKEL & NEWFIELD, P.C.
> 585 Stewart Avenue - Suite 312
> Garden City, New York 11530
> T: 516.222.1600
> *Attorneys for Plaintiff*

Dated:  New York, New York
        March 12, 2013

                                         s/ _____
                                         MICHAEL H. BERNSTEIN (MB-0579)